NO. 07-08-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 22, 2009
_____

DOMINICK N. TUTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY;

NO. 1025144D; HONORABLE ELIZABETH BERRY, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Dominick N. Tutt, appeals his conviction for attempted capital murder contending that the evidence is legally and factually insufficient.  We affirm.

Background

On the evening of June 5, 2006, Tarrant County Sheriff Deputy Michael Beeson was working as security for Carnival Foods grocery store.  Upon receiving a phone call from his wife, Beeson stepped outside of the store to speak with his wife.   While distracted during

the phone call, an assailant stepped up to Beeson and ordered him to get off the cell phone. Beeson looked toward the assailant and realized that a loaded firearm was pointed at him. As Beeson began to move away and draw his service weapon, the assailant shot Beeson twice. Beeson returned fire and hit the assailant in the back as the assailant ran away. As two store employees tended to Beeson's wounds, another witness, Jorge Arambola, drove after assailant. The assailant eventually eluded Arambola by jumping over a residential fence and out of Arambola's sight. At the scene, police spoke with witnesses including Arambola, Arnulfo Sanchez and Mercedes Sanchez, who gave the police a description of the assailant. At the crime scene, the police photographed the scene and gathered spent casings, a bandana, a cap, and samples of blood taken from a wall along the assailant's get away route.

Meanwhile, Beeson was rushed to a hospital where doctors stabilized him and removed the bullets. Within a couple of hours of his arrival, Beeson is shown a photospread and asked to identify his assailant. Initially, Beeson is in pain and asks to view the photospread at a later time. The next day, Beeson is shown a second photospread and is able to identify appellant as the person who shot him. Unknown to Beeson, appellant had also arrived at the same hospital for treatment. After the identification by Beeson, appellant is arrested and charged with attempted capital murder.

At trial, the State had Arambola, Arnulfo, and Aliene Cruz testify to the shooting incident and each described a tall, thin, black man as the person who shot Beeson. Mercedes also testified that a tall, thin, black man shot Beeson and testified that she further identified the shooter in a photospread shown to her on June 26, about three weeks

2

after the shooting. She identified the shooter as appellant. Further, DNA evidence gathered at the scene matched appellant's blood. The jury found appellant guilty and the trial court judge assessed appellant's punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely filed his appeal contending that the evidence at trial was legally and factually insufficient. We affirm.

Legal Sufficiency

When appellant challenges both legal and factual sufficiency, we are required to conduct an analysis of the legal sufficiency of the evidence first and then, only if we find the evidence to be legally sufficient, do we analyze the factual sufficiency of the evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App.1996). In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

Appellant's primary contention that the evidence is insufficient centers on the conflicting testimony presented at trial. Appellant points out that Arambola, Cruz, and Arnulfo were unable to give more than a general description of a thin, black man. Only

3

Beeson and Mercedes were able to pick appellant out of a photospread, however, the two gave different descriptions as to the clothing worn by the shooter. Finally, appellant points out that the DNA testing could not link him to either the bandana or the cap found at the scene. Hence, appellant contends that the evidence is so inconclusive that a rational jury could not have found the essential elements of the crime beyond a reasonable doubt.

Even given the conflict in the testimony, we presume that the jury resolved the conflicts in favor of the prosecution. Clayton v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). Given that presumption, we conclude that a rational jury, based on the photospread identification by Beeson and Mercedes, appellant's DNA found along the shooter's route, and the evidence that appellant was admitted to the hospital with a wound similar to what the shooter would have experienced, had sufficient evidence to have found the essential elements of the offense beyond a reasonable doubt. See Ross, 133 S.W.3d at 620. We overrule appellant's first issue.

Factual Sufficiency

In a factual sufficiency review, we must consider all of the evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). The appellate court views the evidence in a neutral light and asks whether the evidence supporting the verdict is so weak or so against the great weight and preponderance of the evidence as to render the verdict manifestly unjust. See Steadman v. State, 280 S.W.3d 242, 246 (Tex.Crim.App. 2009). A wrong and unjust verdict includes instances in which the jury's

findings "shocks the conscience," or clearly demonstrates bias. See Grotti v. State, 273 S.W.3d 273, 280 (Tex.Crim.App. 2008). In doing a factual sufficiency review, the appellate court must be mindful that a jury has already passed on the facts and must give due deference to the determinations of the jury. See Lancon v. State, 253 S.W.3d 699, 704-05 (Tex.Crim.App. 2008). If the verdict is set aside, the court of appeals's opinion should clearly explain how the evidence supporting the verdict is too weak on its own or how the contradicting evidence so greatly outweighs the evidence in support of the verdict. See id. Further, if a court of appeals upholds a verdict, it is required to consider the most important evidence that the appellant claims undermines the jury's verdict and explain why it does not have the persuasive force that the party believes is sufficient to overturn the verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Next, under a factual sufficiency standard, we must consider all of the evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. However, unless the available record clearly reveals a different result is appropriate, an appellate court must defer to the jury's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered. Johnson v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). Appellant's contention does not focus on evidence that would exculpate him, but rather insists that the contradictory description of the clothes, the lack of DNA finding on the bandana and cap as well as the uncertainty in the testimony as to which hand the shooter held the gun serve to provide sufficient reasonable doubt as to his

conviction. However, we disagree with appellant's claim and do not believe it has the persuasive force to undermine the jury's verdict.

Appellant focuses on the testimony and physical evidence that is inconclusive, yet does not address evidence that the jury could have believed. Although the description of the clothes were different between witnesses, the jury was in the position to evaluate the credibility of the witnesses as well as the weight to give such evidence. See id. The jury also could have given more weight to the DNA evidence found along the route versus the inconclusive DNA evidence in the cap or the lack of DNA evidence on the bandana. Finally, the jury could have given more weight to the fact that Beeson and Mercedes were able to pick appellant out of the photospread and less weight to the fact that the other witnesses were not able to pick anyone as the shooter in the photospread. Having reviewed the record, we conclude that the record does not clearly reveal that a different result is appropriate and, therefore, we will defer to the jury's determination as to the weight of the evidence and the credibility of the witnesses. Hence, we conclude that, viewing all of the evidence in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. We overrule appellant's second issue.

Conclusion

For the foregoing reasons, we affirm the trial court.

Mackey K. Hancock
Justice

Do not publish.

6